UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAREN MISKO, § | |
|     Plaintiff, § | |
| v. § | No. 3:16-CV-3080-M (BF) |
| JANE BACKES d/b/a BACKES § | |
| QUARTER HORSES, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the district court has referred this case to the United States Magistrate Judge Paul D. Stickney for pretrial management. *See* Standing Order of Reference 1, ECF No. 19. Before the Court is Defendant's Motion to Dismiss [ECF No. 8]. For the following reasons, the district court should **DENY** Defendant's motion.

**Background**

Karen Misko ("Plaintiff") brings this civil action against Jane Backes d/b/a Backes Quarter Horses ("Defendant") for alleged false advertising and false representations by Defendant in connection with the online sale of horses. Compl. 1 ¶ 1, ECF No. 1. This Court has jurisdiction pursuant to federal question jurisdiction under 28 U.S.C. § 1331. *Id*. at 2 ¶ 3; 28 U.S.C. § 1331. Plaintiff's Complaint alleges that Defendant violated § 43(a) of the Lanham Act. Compl. 5 ¶¶ 17-22, ECF No. 1. Plaintiff is engaged in the business of horse breeding and sales. *Id*. at 2 ¶ 6. Plaintiff states that she and Defendant are direct competitors in the sale of Western Pleasure broodmares, foals, and prospects. *Id*. at 3 ¶ 7. Plaintiff alleges that from 2007 through January 2013 Defendant represented to the public through the Pleasurehorse.com Delhi Forum ("Pleasurehorse.com"), Defendant's website, and Facebook page that her horses were free of HERDA (hereditary equine regional dermal asthenia), a genetic defect. *Id*. at 3 ¶¶ 7-8. Plaintiff

1

alleges this representation gave Defendant a competitive advantage in the marketplace. *Id.* at 3 ¶ 9. Plaintiff contends upon discovering allegations that Defendant's horses tested positive for HERDA, Defendant deleted a thread on Pleasurehorse.com's forum in an attempt to "cover her tracks and destroy evidence." *Id.* at 4 ¶¶ 12-13. Plaintiff asserts Defendant's fraudulent claims and advertising caused her significant damages along with a decline in breeding prospects and sales. *Id.* at 4-5 ¶¶ 14-16.

Defendant moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) arguing Plaintiff's claims are barred by the doctrine of *res judicata* and fail to state a claim. Def.'s Mot. 1-2, ECF No. 9; FED. R. CIV. P. 12(b)(6). Alternatively, Defendant moves pursuant to Rule 12(e) for Plaintiff to make a more definite statement. Def.'s Mot. 18-19, ECF No. 9; FED. R. CIV. P. 12(e).

The Court having reviewed the pleadings, briefs, and substantive law finds this matter is ripe for determination.

**Legal Standard**

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level. . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)). In ruling on the motion to dismiss, the court may consider documents incorporated into the complaint by reference or documents integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co*., 20 F.3d 663, 664-65 (5th Cir. 1994).

## Analysis

### *Res Judicata*

"Under the law of this circuit, claim preclusion, or pure *res judicata*, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Proctor & Gamble Co. v. Amway Corp*., 376 F.3d 496, 499 (5th Cir. 2004) (internal quotation marks and citation omitted). "*Res judicata* applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Id*. (internal quotation marks and citation omitted). *Res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp*., No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)); *see also Proctor & Gamble Co.*, 376 F.3d at 499; *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).[1]

---

[1] *Agrilectric Power Partners, Ltd.*, 20 F.3d at 664-65 ("We have adopted a transactional test for determining whether two complaints involve the same cause of action. Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of relief requested, types of rights

3

On May 9, 2013, Defendant brought a suit against Plaintiff in the 429th District Court of Collin County, Texas, for alleged tortious interference and invasion of privacy. Def.'s Mot. 6 ¶ 2, ECF No. 9; *see Backes v. Misko*, 486 S.W.3d 7, 16 (Tex.App.—Dallas 2015, pet. denied). Tracy Johns ("Johns") intervened in that action also alleging tortious interference. *Backes*, 486 S.W.3d at 11. Plaintiff subsequently filed a counterclaim against Johns for libel and against Defendant for civil conspiracy to commit libel. *Id*. at 16. The trial court denied both Johns's and Defendant's motions to dismiss and the parties filed an interlocutory appeal. *Id*. The Fifth Court of Appeals affirmed the trial court's denial of Johns's motion to dismiss. However, the court reversed and rendered judgment dismissing Plaintiff's counterclaim against Backes. *Id*. at 27, 29. On October 13, 2016, Plaintiff filed an amended petition against Defendant asserting her Lanham Act claim for false advertising. Def.'s Mot. 8 ¶ 8, ECF No. 9. The court struck Plaintiff's amended petition because Plaintiff filed the pleading after the amendment deadline and without leave of court. *Id*. at 9 ¶ 9. The court entered an Order of Severance separating Plaintiff's claims against Defendant into another action. *Id*. On March 2, 2017, the trial court entered its Final Judgment in that action. *Id*. at 9 ¶ 11. In short, Defendant argues that Plaintiff's current claim is barred by *res judicata* based upon Plaintiff's previous counterclaim. *Id*. at 12-13.

Defendant fails to satisfy the third element of *res judicata*. The court dismissed Plaintiff's Lanham Act claim in the prior suit without prejudice. The Final Judgment states, "[t]he Court signed an order memorializing those rulings on November 2, 2016, which was *not an order on the merits* of Misko's Lanham Act claim or any other claim in the stricken pleading [and] was *without prejudice* to those claims." Def.'s App. Ex. H at 54, ECF No. 10-8 (emphasis added). Accordingly, Defendant's *res judicata* argument fails. *Risby v. United States*, No. 3:04-CV-

---

asserted, and variations in evidence needed do not inform this inquiry.") (internal quotation marks and citations omitted).

1414-H, 2006 WL 770428, at *6 (N.D. Tex. 2006), *R. & R. adopted*, No. 3:04-CV-1414-H, 2006 WL 771471 (N.D. Tex. 2006) (finding that *res judicata* did not bar action where previous suit was dismissed without prejudice and thus did not operate as an adjudication on the merits) (citing *Chalmers v. Gavin*, 2002 WL 511512, at *3 (N.D. Tex. 2002)); *see also In re Harris*, 312 B.R. 591, 599 (N.D. Miss. 2004) (declining to grant motion to dismiss where defendants failed to establish sufficiently that plaintiffs' claims were barred by *res judicata*). "A 'dismissal . . . without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits' and, thus, does not have a *res judicata* effect." *Chalmers*, 2002 WL 511512, at *3 (N.D. Tex. 2002) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); citing *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 9 (5th Cir. 1974) (dismissal without prejudice is not a final judgment on the merits and has no *res judicata* effect)). Defendant's contention that *res judicata* applies because Plaintiff *could* have brought her Lanham Act claim in the prior suit is misleading. Plaintiff *did* attempt to bring a claim under the Lanham Act and as provided in the Final Judgment the court dismissed that claim without prejudice. As Plaintiff correctly responds, the only claim adjudicated on the merits in the previous suit was her counterclaim of civil conspiracy. Further, Plaintiff alleges she nonsuited her Lanham Act claim against Defendant without prejudice. Pl.'s Resp. 12 n.3, ECF No. 15. Thus, the Court finds Plaintiff's current suit is not barred by *res judicata* and continues its analysis of her Complaint under Rule 12(b)(6).

### Lanham Act § 43(a)

"To establish a claim for false advertising under Section 43(a) of the Lanham Act, a plaintiff must show: (1) a false or misleading statement of fact in connection with goods or services; (2) that either deceived or had the capacity to deceive a substantial segment of potential consumers; (3) where the deception was material, in that it was likely to influence a consumer's

5

purchasing decision; (4) the product was in interstate commerce; and (5) the plaintiff was or is likely to be injured as a result of the statement at issue." *Tristar Inv'rs, Inc. v. Am. Tower Corp.*, No. 3:12-CV-0499-M, 2014 WL 1327663, at *17 (N.D. Tex. 2014) (citing 15 U.S.C. § 1125(a)(1)(B); *GoForIt Entm't, L.L.C. v. DigiMedia.com L.P.*, 750 F. Supp. 2d 712, 743 (N.D. Tex. 2010) (Fitzwater, J.)); *S & H Indus., Inc. v. Selander*, 932 F. Supp. 2d 754, 762 (N.D. Tex. 2013).

Defendant first contends that Plaintiff does not have standing because she fails to assert sufficient facts to establish that her claim falls within the "zone of interests" or that it satisfies the "proximate cause requirement" enumerated by the Supreme Court in *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377 (2014). Def.'s Mot. 14, ECF No. 9. "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc.*, 134 S. Ct. at 1390. "Second, we generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute." *Id*. Plaintiff responds that *Lexmark* is inapplicable here because she is in *direct* competition with Defendant. Pl.'s Resp. 16-17 ¶¶ 32-33, ECF No. 15 (emphasis added).

First, the Court finds that *Lexmark* applies to Plaintiff's action. "[W]e presume that a statutory cause of action extends only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.'" *Lexmark Int'l, Inc.*, 134 S. Ct. at 1388. "We have since made clear, however, that [the zone-of-interests formulation] applies to all statutorily created causes of action . . . . The zone-of-interests test is therefore an appropriate tool for determining who may invoke the cause of action in § 1125(a)." *Id*. at 1388-89 (internal citations and footnote omitted); *see also Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-CV-1651-L,

2016 WL 4944370, at *6 (N.D. Tex. Sept. 16, 2016) (applying two-part standing test under *Lexmark*). Plaintiff's Lanham Act claims falls within the "zone of interests" because her business is "engaged in commerce that is within the control of Congress and whose position in the marketplace has been allegedly damaged" by Defendant's alleged false advertising resulting in a loss of sales. *Joseph Paul Corp.*, 2016 WL 4944370, at *7 n.7; *see* Compl. 5 ¶¶ 15-16, ECF No. 1. Plaintiff also alleges sufficient facts to satisfy the proximate-cause requirement. Plaintiff "must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Joseph Paul Corp.*, 2016 WL 4944370, at *7. Plaintiff alleges:

> (1) the parties were direct competitors; (2) that whether horses were tested for and free of HERDA was material to purchasers of the horses; (3) that Backes falsely advertised her horses were tested for and free from HERDA; (4) that Misko advertised on the same sites as Backes; (5) that purchasers chose Backes' horses over Misko's as a result of the false advertising; and (6) that Misko's sales suffered during the time of the false advertising.

Pl.'s Resp. 18-19 ¶ 40, ECF No. 15; *see also id.* at 14-15 ¶ 28. Plaintiff has pleaded a "classic Lanham false advertising claim." *Joseph Paul Corp.*, 2016 WL 4944370, at *9 (quoting *Lexmark Int'l, Inc.*, 134 S. Ct. at 1393). Plaintiff's allegations that she suffered a competitive injury through Defendant's alleged false advertisements are not too remote. *Id*. ("Plaintiff will of course have the ultimate burden of coming forward with evidence of injury proximately caused by [Defendant's] conduct.").

The Court finds based on these allegations and in viewing Plaintiff's Complaint in the light most favorable to her, Plaintiff has pleaded sufficient factual allegations to hold she has standing to bring a claim under the Lanham Act. The district court should deny Defendant's Motion to Dismiss based upon a lack of standing.

Defendant also asserts Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) because she fails to allege any statements by Defendant that could be considered commercial speech or proposing a commercial transaction. Def.'s Mot. 15, ECF No. 9. Defendant contends Plaintiff's Complaint does not meet the pleading standards under *Iqbal* and *Twombly* because it fails to identify any advertisements or promotions. *Id*. at 16. Defendant further contends the Court should dismiss Plaintiff's Complaint because it fails the materiality test. *Id*. at 17.[2] Plaintiff responds her Lanham Act claim is based on Defendant's advertisement, not general online discussions on genetic testing. Pl.'s Resp. 17 ¶¶ 35-36, ECF No. 15. Plaintiff's Complaint alleges Defendant "falsely represented in her commercial advertisements and promotions that her broodmares and stallion has been tested for HERDA and, were in fact HERDA negative." Compl. 5 ¶ 19, ECF No. 1. Plaintiff alleges these advertisements and promotions were made to deceive customers into buying horses from Defendant. *See id*. at 5 ¶ 20.

"A plaintiff alleging a claim of false advertising under the Lanham Act must establish, *inter alia*, that a party made a false or misleading statement of fact about his own or another's product in the context of 'commercial advertising or promotion.'" *Transcom Enhanced Servs., Inc. v. Qwest Corp.*, No. 4:09-CV-755-A, 2010 WL 2505606, at *4 (N.D. Tex. 2010) (quoting *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1383 n.3 (5th Cir. 1996); citing *Pizza Hut, Inc.*, 227 F.3d at 494-95)). "[F]or representations to constitute 'commercial advertising or promotion' the statement must be (1) commercial speech; (2) by a defendant who is in commercial

---

[2] "There are two types of actionable statements under the Lanham Act: those that are literally false and those that, although not literally false, are likely to mislead and confuse consumers." *Greater Hous. Transp. Co. v. Uber Techs., Inc.*, 155 F. Supp. 3d 670, 699 (S.D. Tex. 2015) (citing *Pizza Hut, Inc.*, 227 F.3d at 495). "A party who argues that a certain statement was merely misleading 'must also introduce evidence of the statement's impact on consumers, referred to as *materiality*.'" *Id*. (quoting *Pizza Hut, Inc.*, 227 F.3d at 495) (emphasis added). "However, 'when the statements . . . are shown to be literally false, the plaintiff need not introduce evidence on the issue of the impact the statements had on consumers . . . . [i]n such a circumstance, the court will assume that the statements actually misled consumers.'" *Id*. (quoting *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001)).

competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services." *Seven-Up Co.*, 86 F.3d at 1384. The Court finds that Plaintiff has sufficiently pleaded enough factual allegations to assert a plausible claim under § 43(a). Plaintiff alleges Defendant made the disputed statement that her horses were HERDA free which influenced consumers to buy horses from Defendant. Plaintiff also alleges Defendant made this statement in the sales discussion forum on Pleasurehorse.com. The Court finds that this statement could be considered commercial speech. *Seven-Up Co.*, 86 F.3d at 1384 (stating that the requirements for establishing "commercial advertising or promotion" under Section 43(a) of the Lanham Act include that the representations be "for the purpose of influencing consumers to buy defendant's goods or services" and "disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry") (citing *Gordon & Breach Sci. Publishers v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1532 (S.D. N.Y. 1994)). The Court must accept all well-pleaded facts in Plaintiff's complaint as true, and view them in the light most favorable to her.

  The Court also finds Defendant's arguments applying the materiality test are premature at this stage. *See Greater Hous. Transp. Co.*, 155 F. Supp. 3d at 702. "A determination of falsity would eliminate the Plaintiffs' burden to demonstrate the materiality of [Defendant's] statements." *Id.* (citation omitted). "[T]he Court must allow for a determination of the nature of [Defendant's] statements before reaching the question of whether Plaintiffs should be subject to the increased burden of adducing evidence of materiality." *Id.* (citing *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455-56 (5th Cir. 2005)). A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004); *see also Healthpoint, Ltd. v. Allen Pharm., L.L.C.*, No. SA-07-CA-0526-XR,

2008 WL 728333, at *2 n.4 (W.D. Tex. 2008) ("[T]he Fifth Circuit has not held that a heightened pleading standard applies to false advertising claims under § 43(a) of the Lanham Act."). Plaintiff's factual allegations are sufficiently specific at this stage. The Court finds that after consideration of Defendant's motion, Plaintiff's pleadings, and the applicable law, the arguments raised by Defendant are better suited for a motion for summary judgment. Accordingly, the district court should deny Defendant's Rule 12(b)(6) Motion to Dismiss.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the district court should **DENY** Defendant's Motion to Dismiss [ECF No. 8].

**SO RECOMMENDED**, this 14th day of July, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).