## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| KAREN MISKO | |
| *Plaintiff,* | |
| v. | Civil Action No. 3:16-cv-03080-M<br>Jury Demanded |
| JANE BACKES d/b/a BACKES QUARTER HORSES | |
| *Defendant.* | |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO CHAPTER 27 TEXAS CIVIL PRACTICE & REMEDIES CODE AND BRIEF IN SUPPORT

COMES NOW Karen Misko ("Misko" or "Plaintiff") and files her Response in Opposition and Brief in Support to Defendant Jane Backes d/b/a Backes Quarter Horses' ("Backes" or "Defendant") Motion to Dismiss ("Motion to Dismiss") Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (also known as the Texas Citizen's Participation Act "TCPA") as follows:

### OVERVIEW OF OPPOSITION

Plaintiff has filed a federal complaint, on a federal claim, in federal court. See Complaint [Doc. 1]. Plaintiff's sole claim arises under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). *See id.* Defendant's Motion to Dismiss [Doc. 27] is filed under a pre-trial dismissal procedure created by Texas law.

The Court should deny the Motion to Dismiss because every federal court to consider the question has held that state anti-SLAPP procedures, such as the TCPA, cannot apply to federal claims in federal court as a matter of law. Even if the TCPA

could apply, the Court should refuse to enforce it because it is contrary to federal law. Moreover, and only in the alternative, assuming the TCPA applied here, Plaintiff is entitled to conduct discovery prior to the Court's consideration of the Motion to Dismiss and respectfully requests the Court continue any submission and/or hearing of the Motion to Dismiss until Plaintiff can conduct adequate discovery to respond to the Motion to Dismiss.

**ARGUMENT AND AUTHORITIES**

**A. The TCPA Cannot Apply To A Federal Claim In Federal Court.**

*1. Defendant's Argument Has Been Uniformly Rejected By Federal Courts.*

Defendant's argument that the TCPA—or any state law—can apply to federal question causes of action in federal court has been summarily rejected by every federal court to address the issue.

For example, in *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1180-82 (C.D. Cal. 2006), the Central District of California provided a cogent rationale of its rejection of the defendant's attempt to invoke California's anti-SLAPP statute to dismiss federal claims brought under RICO and the Clayton Act.  In holding that the application of a state anti-SLAPP dismissal procedure to federal claims, the *Bulletin Displays* court held that applying a state dismissal procedure to a federal claim "would permit state law to affect and alter the substance of federal claims in violation of the Supremacy Clause of the Constitution."  *See id.* at 1181 (citing *Martinez v. State of California*, 444 U.S. 277, 284 n.8 (1980)).  The court recognized that allowing state law to apply to a federal claim would make the merits of that federal claim "dependent on the location of the federal court and the substance of the forum state's

laws." *See Bulletin,* 448 F. Supp. 2d at 1181.  In other words, as applied here, a Lanham Act claim brought in Texas cannot be made more difficult to sustain than one brought in a jurisdiction with no anti-SLAPP law, such as Ohio, by allowing the law of the forum to intrude on the federal claim.

*Bulletin* was cited with approval by the Ninth Circuit, wherein the court refused to apply an anti-SLAPP statute to a Section 43(a) Lanham Act claim – the same claim brought by Plaintiff.  *See Hilton v. Hallmark Cards,* 599 F.3d 894, 901 (9th Cir. 2010) (citing *Bulletin* and holding that "the anti-SLAPP statute does not apply to federal law causes of action.").

Numerous other federal courts outside the Ninth Circuit have followed the rationale of *Bulletin* and *Hilton*.  *See, e.g., Tobinick v. Novella*, 108 F. Supp. 3d 1299, 1302 n.1 (S.D. Fla. 2015) (holding state anti-SLAPP does not apply to Lanham Act claim); *Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*, 98 F. Supp. 2d 347, 360 (S.D.N.Y. 2000) (refusing to apply the standards of the New York anti-SLAPP statute to federal claims brought in federal court); *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 2008 U.S. Dist. LEXIS 85764, at *26 (D. Mass. Sept. 30, 2008) ("There is no support for applying the anti-SLAPP statute to federal claims. Federal law governs both the substance and procedure in the litigation of federal claims."); *Jiang v. Porter*, 2016 U.S. Dist. LEXIS 4686, at *5 (E.D. Mo. Jan. 14, 2016) ("Even if Missouri's anti-SLAPP statute applies to state-law claims in federal court, it has no effect on the federal law claims brought in a complaint filed in federal court."); *Doctor's Data, Inc. v. Barrett*, 2011 WL 5903508, at *2 (N.D. Ill. Nov. 22, 2011) (refusing to apply Illinois anti-SLAPP rules to Lanham Act claim following rationale of

*Bulletin*).  There are <u>no</u> federal courts holding that a state anti-SLAPP law can apply to federal claims.

The rationale of these cases is the only logical conclusion that can be derived from the most fundamental principles of federal-state relations, which allows for the application of state law in diversity cases, but not in federal question cases.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding that state substantive law applies to state claims in federal court, "[e]xcept in matters governed by the Federal Constitution or by acts of Congress"); U.S. Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land.").  While the Fifth Circuit has not expressly addressed the question, this is likely because few parties have bothered to make the argument Defendant has made here considering the unanimity of federal authorities holding to the contrary that were decided prior to the advent of the TCPA. *See, e.g., Lamons Gasket Co. v. Flexitallic L.P.,* 9 F. Supp. 3d 709, 711 (S.D. Tex. 2014) ("[T]he parties agree that the TCPA does not apply to Plaintiff's federal claim under the Lanham Act.").  As such, the TCPA cannot, as a matter of law, apply to Plaintiff's Lanham Act claim.

### 2.  *Defendant's Authorities Are Not Applicable.*

In the Motion to Dismiss, Defendant cites several federal authorities applying or considering the application of state anti-SLAPP laws in federal courts.  *See* Motion to Dismiss at pp. 1-3.  However, none of these authorities are helpful to Defendant.

First, Defendant's authorities are all federal courts <u>sitting in diversity</u>.  Therefore, these courts are adjudicating claims arising from state and not federal law.  For example, the recent Fifth Circuit opinion of *Block v. Tanenhaus*, 2017 U.S. App. LEXIS 15278 (5th

Cir. 2017) is a case arising under diversity jurisdiction and applying Louisiana law. The Fifth Circuit does not address the applicability of the Louisiana anti-SLAPP law in *Block* because the plaintiff failed to preserve the issue for appeal. *Id.* at \*5. The *Block* court recognizes that whether to apply state anti-SLAPP laws is an unresolved issue with respect to an *Erie* determination of whether those state laws are substantive or procedural. *See id.* The *Block* court does not suggest, as Defendant attempts to argue in the Motion to Dismiss, that there is an open question as to whether state laws can apply to federal claims because the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1939) is inapplicable to claims created and governed by federal law. *See Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 176 (1942).

All of cases referred to by Defendant in the Motion are likewise diversity cases and, therefore, are not applicable to the analysis at hand.[1] However, Defendant argues in its Motion that "the Court should note that in *Culbertson v. Lykos*, 790 F.3d at 631-632, the Fifth Circuit was evaluating the applicability of a TCPA motion to dismiss a federal claim (a § 1983 action) and did not express any concern that a federal claim is beyond the reach of the TCPA's dismissal provisions." *See* Motion to Dismiss at p. 3. Defendant misrepresents the holdings of *Culbertson*. While it is true that the *Culbertson* court involved a Section 1983 claim, that claim was not the subject of the TCPA motion. The *Culbertson* court analyzed the dismissal of the Section 1983 claim under a Rule 12(b)(6) analysis. *See* 790 F.3d at 616-17. It was the pendent state law claims for tortious interference that were the subject of the TCPA motion in *Culbertson*. *See id.* at 629

_____

[1] One case cited by Defendant, *Haynes v. Crenshaw*, 166 F. Supp. 3d 773 (E.D. Tex. 2016), is a case involving both state and federal claims. *See id.* at 777-78. Plaintiff conceded at oral argument before a magistrate judge that the TCPA applied to her federal claims and then later argued that they did not on appeal to the district judge. *See id.* The district judge did not address her arguments because they were not properly before the court. *See id.*

("The district court dismissed the plaintiffs' claims against the individual defendants for tortious interference with a contract and tortious interference with prospective contractual relations under the TCPA."). Thus, Culbertson is not helpful to Defendant and is consistent with the rationale of the other federal cases cited above that do not apply state law to federal claims.

Accordingly, for all of the reasons discussed above, the Court should deny the Motion to Dismiss because the TCPA cannot apply to a federal claim.

### B.  The TCPA Is Contrary To Federal Law.

Even if the TCPA could apply in this case, the Court should refuse to apply it because it conflicts with federal law.  Plaintiff hereby requests that this Court continue to adopt the reasoning of this Court's prior holding in *Insurance Safety Consultants LLC v. Nugent*, 2016 WL 2958929 at *5 (N.D. Tex. May 23, 2016), which follows the leading D.C. Circuit case of *Abbas v. Foreign Policy Grp. LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015).  These cases hold that anti-SLAPP statutes such as the TCPA directly conflict with Federal Rules of Procedure 12 and 56.  As such, Plaintiff requests that any dismissal procedure be governed by those rules and not the TCPA.

### C.  In The Alternative, Plaintiff Requests A Continuance To Conduct Discovery.

Even assuming the TCPA could apply and the Court determines it does not conflict with federal law, the Court should allow Plaintiff the opportunity to conduct discovery prior to ruling on the Motion to Dismiss.  Federal courts that have applied state anti-SLAPP statutes in the diversity context, such as the Ninth Circuit, have refused to apply the limitations on discovery that accompany those statutes.  Those federal courts have held that when an anti-SLAPP motion is filed in federal court and requires the

plaintiff produce evidence of her claims, the motion must be treated as motion for summary judgment and <u>must</u> be permitted to conduct discovery to develop the plaintiff's case.  *See, e.g., Bulletin*, 448 F. Supp. 2d at 1180; *In re Bah*, 321 B.R. 41, 45 n.6 (9th Cir. B.A.P. 2005); *Rogers v. Home Shopping Network*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999)).

Here, Defendant seeks for Plaintiff to produce *prima facie* evidence of each element of her Lanham Act claim.  Therefore, this Court must treat the Motion to Dismiss as a motion for summary judgment and provide Plaintiff with an adequate opportunity for discovery prior to ruling on the Motion to Dismiss.  To date, Plaintiff has had no opportunity for discovery because the parties have not even conducted the 26(f) Conference and there is no scheduling order providing for discovery deadlines.

Even if this Court strictly applies every procedural nuance of the TCPA, Section 27.006(b) of Texas Civil Practice and Remedies Code provide for limited discovery relevant to the Motion to Dismiss upon a showing of good cause.  Here, Plaintiff's claims rest on evidence that is uniquely in the possession of third parties.  For example, as alleged in Plaintiff's Complaint, Defendant falsely claimed that she tested her horses for the genetic disorder HERDA at Animal Genetics, Inc. USA ("Animal Genetics").  Mr. Arne De Kloet ("De Kloet"), head of Animal Genetics, publicly disavowed any relationship between his company and Defendant.  *See* Complaint at ¶¶ 11-13.  At a minimum, Plaintiff will need to conduct discovery from Animal Genetics and De Kloet. Plaintiff will also need to conduct discovery from Backes to learn the extent of her horse sales before, during, and after her false advertising regarding HERDA testing to prove

Plaintiff's damages and lost profits from Defendant's sales stemming from the false advertising.

Therefore, at minimum, the Court should grant leave for Plaintiff to conduct third party discovery related to Defendant's HERDA testing and discovery of Defendant related to HERDA testing, her advertising, and her financials.

## CONCLUSION

The Court should refuse to apply the TCPA. In the alternative, the Court should treat the Motion to Dismiss as a motion for summary judgment and allow for adequate discovery or allow for limited discovery discussed above before Plaintiff is required to tender evidence in response to the Motion to Dismiss.

Dated:  September 29, 2017.

Respectfully submitted,

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley
Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
4400 Post Oak Pkwy.
Suite 700
Houston, Texas 77027
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF
KAREN MISKO**

## CERTIFICATE OF SERVICE

This is to certify that on this the 29th day of September, 2017, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record via ECF.

/s/ Joe Sibley_____
Joe Sibley