IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN MISKO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-3080-M (BT) |
| | § | |
| JANE BACKES d/b/a BACKES | § | |
| QUARTER HORSES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss [ECF No. 27] pursuant to the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code Ann. § 27.001, *et seq.,* filed by Defendant Jane Backes d/b/a Backes Quarter Horses ("Backes"). For the reasons stated, the District Court should DENY Backes's Motion.

**BACKGROUND**

In this civil action, Plaintiff Karen Misko ("Misko") alleges she is engaged in the business of horse breeding and sales, and directly competes with Backes in that business. *See* Compl. 2 [ECF No. 1]. According to Misko, from approximately 2007 through January 2013, Backes gained a competitive advantage over Misko in the horse breeding and sales business by falsely advertising and misrepresenting to the public that Backes's horses were tested

1

for and determined to be "genetically free" of HERDA — an equine genetic defect than can cause skin complications and death. *Id.* 1, 3. Misko alleges that Backes's statements were false because Backes's horses were not tested by the laboratory identified in Backes's advertising, and because Backes's horses actually carried the HERDA gene. *Id.* 4. Misko further alleges that potential breeders and buyers relied on Backes's false statements in choosing Backes's horses over Misko's horses. *Id.* 5. Misko estimates that she suffered $1 million in lost sales and breeding prospects due to Backes's false statements. *Id.* Based on these alleged facts, Misko filed an Original Complaint in federal court asserting a single cause of action against Backes for unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. *See id.* 5-6.

Backes moves to dismiss Misko's federal cause of action under the TCPA, which is Texas's anti-SLAPP statute.[1] Misko opposes Backes's Motion on the ground that the state statute does not apply to Misko's claim, which arises solely under federal law. The United States Magistrate Judge to whom this case was previously referred held a hearing on Backes's Motion on December 28, 2017. *See* Minute Entry [ECF No. 39]. That judge retired from the bench on January 10, 2018, without having issued a ruling on Backes's Motion. This case was transferred the docket of the undersigned magistrate

---

[1] SLAPP is an acronym for "strategic litigation against public participation." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 n.3 (5th Cir. 2014)

judge on January 26, 2018. *See* Special Order No. 3-316 [ECF No. 41]. The issues have been fully briefed, and the Motion is ripe for determination.

## LEGAL STANDARDS AND ANALYSIS

The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (citing Tex. Civ. Prac. & Rem. Code §§ 27.001–.011). The purpose of the statute is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002. To effectuate this purpose, the TCPA creates a special procedure for obtaining the early dismissal of allegedly retaliatory and unmeritorious lawsuits that are based on the defendant's exercise of certain First Amendment rights. *See In re Lipsky*, 411 S.W.3d 530, 539 (Tex. App. 2013, orig. proceeding). Specifically, "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." Tex. Civ. Prac. & Rem. Code § 27.003(a).

The Fifth Circuit has not definitively determined whether state anti-SLAPP laws, such as the TCPA, are applicable in federal court. *See Block v.*

*Tanenhaus,* 2017 WL 3482246, at *2 (5th Cir. Aug. 15, 2017) ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *see also Mitchell v. Hood*, 614 F. App'x 137, 140 (5th Cir. 2015) (recognizing disagreement among courts of appeals as to whether state anti–SLAPP laws apply in federal court). To the extent courts in this circuit have signaled that state anti-SLAPP laws apply in federal court, the courts have done so in the context of an exercise of diversity jurisdiction, by virtue of the doctrine set out in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). *See, e.g., Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 168-69 (5th Cir. 2009) ("Louisiana law, including the nominally-procedural Article 971 [(Louisiana's anti-SLAPP provision)], governs this diversity case."); *Williams v. Cordillera Commc'ns, Inc.*, 2014 WL 2611746, at *2 (S.D. Tex. June 11, 2014) (explaining that state anti-SLAPP statutes "are enforceable in federal courts sitting in diversity jurisdiction" by virtue of the *Erie* doctrine). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). If there is a direct conflict between a state substantive law and a federal procedural rule, however, the federal court applies the federal rule, rather than the substantive state law. *See Block*, 867 F.3d at 589.

While state substantive law may apply in diversity cases, the TCPA does not apply to Misko's lawsuit, which was filed in federal court pursuant to federal question jurisdiction, based on a single claim for violation of the federal Lanham Act. The Court is not exercising jurisdiction over Misko's claims pursuant to diversity jurisdiction, and the *Erie* doctrine is not applicable. This conclusion is consistent with the overwhelming majority of courts that have addressed similar questions regarding the applicability of state anti-SLAPP statutes to Lanham Act claims. *See NCDR LLC v. Mauze & Bagby, PLLC*, 2012 WL 12871954, at *2 (S.D. Tex. October 5, 2012), *aff'd on other grounds*, 745 F.3d 742 (5th Cir. 2014) (holding that the TCPA does not apply to plaintiff's federal Lanham Act claims because it would create an obstacle to the federal rights in violation of the Supremacy Clause). *See also Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) (refusing to apply anti-SLAPP statute to a Section 43(a) Lanham Act claim on the ground that "the anti-SLAPP statute does not apply to federal law causes of action"); *Tobinick v. Novella*, 108 F. Supp. 3d 1299, 1302 n.1 (S.D. Fla. 2015) (holding state anti-SLAPP statute does not apply to Lanham Act claim); *Doctor's Data, Inc. v.* Barrett, 2011 WL 5903508, at *2 (N.D. Ill. Nov. 22, 2011) (refusing to apply Illinois anti-SLAPP rules to Lanham Act claim).

To the extent Backes argues that Misko's federal claim is subject to the TCPA because "the TCPA is procedural, not substantive," her argument is

inapposite. Federal courts apply federal procedural rules. *Gasperini*, 518 U.S. at 427. Thus, if the TCPA were procedural, it would not apply in federal court at all. *See Cuba v. Pylant*, 814 F.3d 701, 719 (5th Cir. 2016) (Graves, J., dissenting) ("Applying an *Erie* analysis, I conclude that the TCPA is procedural and must be ignored.")

Alternatively, the Court finds Defendant's Motion has been overruled by operation of law. Section 27.005 of the TCPA provides that "[t]he court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion." Tex. Civ. Prac. & Rem. Code § 27.005(a). This deadline is mandatory and gives the trial court no discretion to grant extensions of time. *Direct Comm. Funding, Inc. v. Beacon Hill Estates LLC*, 407 S.W.3d 398, 401 (Tex. App.–Houston [14th Dist.] 2013, no pet.); *Avila v. Larrea*, 394 S.W.3d 646, 656 (Tex. App. – Dallas 2012, pet. denied). If a court does not rule on the motion to dismiss within the prescribed time period, "the motion is considered to have been denied by operation of law and the moving party may appeal." Tex. Civ. Prac. & Rem. Code § 27.008(a).

Backes moved to dismiss Misko's lawsuit pursuant to the special procedure created by section 27.003 of the TCPA, and the magistrate judge to whom this case was previously referred held a hearing on Backes's Motion on December 28, 2017. However, the Court did not rule on the Motion within 30

days following the hearing on the Motion. Therefore, Backes's motion is considered to have been denied by operation of law. Tex. Civ. Prac. & Rem. Code § 27.008(a). *See Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 69–70 (Tex. App. – Houston [14th Dist] 2015, pet. denied) (holding motions to dismiss under TCPA were denied by operation of law when trial court failed to sign written orders within 30 days of hearing date). Even if the TCPA applied to Plaintiff's lawsuit, the Court lacks authority to grant Backes's Motion because the Motion has already been overruled by operation of law. *Direct Comm. Funding,* 407 S.W.3d at 402.

## RECOMMENDATION

The Court should DENY Backes's Motion to Dismiss [ECF No. 27] because the TCPA does not apply to Plaintiff's claims, which arise solely under federal law. Alternatively, the Court should find that Backes's Motion was denied by operation of law when the Court did not issue a ruling on the Motion within 30 days of the hearing on the Motion.

May 4, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).